PER CURIAM.
In this workers’ compensation case, the employer and carrier argue that the judge of compensation claims erroneously determined that the claimant was entitled to permanent total disability benefits because the claimant failed to prove that she would remain permanently and totally disabled after she reached maximum medical improvement. We agree and, accordingly, reverse.
This case is controlled by City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998). In that case, we reversed an award of permanent total disability benefits. In doing so, we said:
Although we assume for purposes of decision that Mr. Oswald’s claim for permanent total disability benefits became *701 ripe after he had received temporary benefits for ninety-eight weeks, to be eligible for permanent total disability benefits, an employee whose temporary benefits have run out — or are expected to do so imminently — must be able to show not only total disability upon the cessation of temporary benefits but also that total disability will be “existing after the date of maximum medical improvement.” § 440.02(19), Fla. Stat. (Supp.1994). We find no such proof in the present case.
Id. at 98. Here, as in Oswald, nobody testified either that the claimant had reached maximum medical (psychiatric) improvement, or that she would remain permanently and totally impaired when she did reach maximum medical improvement. Rather, both psychiatrists testified that because the claimant had not begun psychiatric treatment, it was too soon to anticipate when she would reach maximum medical improvement or whether she would be totally disabled at that time. The claimant having failed to carry her burden as outlined in Oswald, the award of permanent total disability benefits was error.
REVERSED.
ERVIN, WOLF and WEBSTER, JJ., CONCUR.